UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



DAVID M. SCHMIDT,

    Plaintiff,

v.                                                22-CV-420 (JLS) (MJR)

PROVIDENT LIFE AND CASUALTY
INSURANCE COMPANY, and
UNUM GROUP,

    Defendants.

## DECISION AND ORDER

    Plaintiff David M. Schmidt commenced an action in Supreme Court, Erie County, alleging claims under New York law arising out of a disability insurance policy. *See* Dkt. 1-2. More specifically, Plaintiff asserts five causes of action: (1) breach of contract; (2) declaratory judgment; (3) breach of the covenant of good faith and fair dealing; (4) unjust enrichment; and (5) violation of Gen. Bus. L. § 349. *See id.* Defendants removed the action to this Court. Dkt. 1. The case has been referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 12.

    On March 1, 2024, Plaintiff moved for summary judgment on his first, second, and third causes of action. Dkt. 32. Defendants opposed the motion, Dkt. 43, and Plaintiff replied. Dkt. 46. The parties then filed supplemental briefing. *See* Dkt. 51, 53, 54, 55.

On March 28, 2025, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion be granted in part and denied in part. Dkt. 57. Specifically, he recommends that "summary judgment be granted in favor of plaintiff as to the breach of contract claim, and that plaintiff's request for summary judgment be denied as to the claims for declaratory judgment and breach of the covenant of good faith and fair dealing." *Id.* at 33-34.[1]

Defendants objected to the R&R. Dkt. 61. Specifically, they object to Judge Roemer's recommendation that summary judgment be granted in favor of Plaintiff as to the breach of contract claim. *See id.* at 5.[2] Defendants argue that:

- The R&R improperly applied the summary judgment standard by weighing evidence and drawing inferences in the movant's favor;

- The R&R erred in treating a materially disputed issue as resolved despite conflicting expert opinions on Plaintiff's functional capacity;

- The R&R disregarded vocational evidence and improperly resolved fact disputes regarding the demands of Plaintiff's occupation and the credibility of his symptom reports;

- The R&R improperly resolved factual disputes regarding causation and the circumstances of Plaintiff's departure from Ernst and Young; and

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

[2] Defendants "do not dispute" Judge Roemer's recommendations as to Plaintiff's claims for declaratory judgment and breach of the covenant of good faith and fair dealing. *See id* at 5 n.1.

- The R&R improperly invoked waiver to foreclose a central factual defense regarding accommodations.

*See id.* Plaintiff opposed the objections, Dkt. 62, and Defendants replied. Dkt. 65.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendations.

For the reasons above and in the R&R, Plaintiff's [32] motion for summary judgment is granted in part and denied in part as detailed in the R&R. The case is referred back to Judge Roemer in accordance with the [12] referral order.

SO ORDERED.

Dated:   July 2, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE